UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE SKINNY DIP, INC., a Virginia Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SKINNY DIP YOGURT, LLC, a Washington limited liability company. <br><br> Defendants | No. <br><br> COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES <br><br> **JURY TRIAL DEMAND** |

Plaintiff, for its complaint against the Defendant, hereby alleges as follows:

### THE PARTIES

1. Plaintiff The Skinny Dip, Inc. ("SDI") is a corporation organized under the laws of the state of Virginia, with its principal place of business in Virginia Beach, Virginia. SDI is the owner and operator of a self-serve frozen yogurt restaurant chain with locations in Virginia and North Carolina.

2. On information and belief, defendant Skinny Dip Yogurt, LLC ("Defendant") is a limited liability company organized under the laws of the state of Washington, with its principal place of business in Mill Creek, Washington. Defendant is in the business of selling self-serve frozen yogurt at its restaurant location in Mill Creek, Washington.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**JURISDICTION AND VENUE**

3.      This court has personal jurisdiction over Defendant because Defendant is a Washington state business entity that transacts business in the State of Washington and through the Internet.

4.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331, because one or more of the claims at issue arises under federal law, specifically 15 U.S.C. §§ 1125(a).

5.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims at issue in this action because they are so related to the federal law claims as to form part of the same case or controversy, that is, they arise out of a common nucleus of operative facts.  Moreover, subject matter jurisdiction over the state law claims exists under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and involves citizens of different states.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

**FACTS**

7.      In May 2008, Cindy and Karl Rauch founded SDI, which opened its first restaurant in Virginia Beach, Virginia under the name THE SKINNY DIP FROZEN YOGURT BAR, a mark that SDI has used continuously since May 2008.

8.      SDI's Virginia Beach self-serve frozen yogurt restaurant was a unique concept, which garnered significant popular and media attention and customer good will.  SDI's frozen yogurt restaurant was so popular that between May 2008 and December 2010, SDI opened eight other self-serve frozen yogurt restaurants in Virginia and North Carolina, each one identified by THE SKINNY DIP FROZEN YOGURT BAR trademark.

9.      SDI's investment in its trademark has been considerable and the good will accumulated through its expansion into neighboring markets is a model of entrepreneurial

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

success. SDI is now poised for national expansion through a franchise system identified by THE SKINNY DIP FROZEN YOGURT BAR trademark.

10. On September 10, 2008, SDI obtained a United States trademark registration for THE SKINNY DIP FROZEN YOGURT BAR and design (USPTO Registration No. 3844061), the certificate of which is attached hereto as Exhibit A. SDI also has a pending United States trademark application for THE SKINNY DIP word mark (USPTO Serial No. 85269895), which it has also been using continuously since May 2008. *See* Exhibit B.

11. In late 2010, it came to the attention of SDI that Defendant, without the permission of SDI, was using the confusingly similar SKINNYDIP FROZEN YOGURT trademark to identify frozen yogurt products sold in Mill Creek, Washington.

12. On October 6, 2010, counsel for SDI served Defendant with a cease and desist letter, attached hereto as Exhibit C, which informed Defendant of SDI's federal and common law rights in its trademark and demanded Defendant to cease and desist using the confusingly similar SKINNYDIP FROZEN YOGURT mark.

13. Defendant ignored SDI's cease and desist letter and continued to use the confusingly similar SKINNYDIP FROZEN YOGURT trademark despite having received notice that SDI owned rights in the mark.

14. Since service of the initial cease and desist letter upon Defendant, SDI has accumulated evidence of actual confusion in the marketplace between its use of the SKINNY DIP FROZEN YOGURT trademark and that of the Defendant. In May 2011, two job applicants misdirected their applications to SDI in Virginia Beach, Virginia. In both instances, the applicants were seeking employment with Defendant's establishment in Millcreek, Washington. *See* Exhibit D.

15. On May 3, 2011, a visitor to Defendant's Facebook web site <http://www.facebook.com/SkinnyDipYogurtMillCreek> posted the following message on the Defendant's "wall," obviously mistaking Defendant's establishment with that of SDI:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

> Dave! SkinnyDip is the BEST!! My daughter lives in Virginia Beach and every time we go, Skinny Dip is one place we visit multiple times!! Your store is adorable! (Much cuter than any I've seen) If I lived in your area I'd be one of your regular customers!! Those who haven't tried it must! Last month on vacation I visited SkinnyDip several times and it was the first vacation ever that I didn't gain any weight! :)

*See* Defendant's Facebook Wall, Exhibit E.

16. Defendant's principal, Dave Hunsaker, rather than clarify the poster's confusion, embraced it by replying: "Your comments MADE OUR DAY!!!" *See* Defendant's Facebook Wall, Exhibit E.

17. On June 1, 2011, SDI served Defendant with a second cease and desist letter, reminding it that SDI was the owner of THE SKINNY DIP FROZEN YOGURT BAR trademark and calling attention to the actual confusion caused by its wrongful use of its confusingly similar trademark, and demanding that it cease and desist using it. *See* Exhibit F.

18. Defendant ignored SDI's second cease and desist letter and continues to use the SKINNYDIP FROZEN YOGURT trademark without the permission of SDI.

## COUNT I
### Infringement – 15 U.S. C. § 1125(a)

19. The allegations contained in paragraphs 1 through 18 are incorporated herein by reference as if fully set forth.

20. Defendant's use of the identical and confusingly similar mark SKINNYDIP FROZEN YOGURT is intended to trade on the goodwill established by SDI through years of its use of the mark THE SKINNY DIP FROZEN YOGURT BAR.

21. Defendant's use of the of the identical and confusingly similar mark SKINNYDIP FROZEN YOGURT has created actual confusion in the market place and continues to create a likelihood of confusion.

22. Defendant's intentional use of the identical and confusingly similar mark SKINNYDIP FROZEN YOGURT in connection with the sale of self-serve frozen yogurt causes, and is likely to cause, confusion, mistake, or deception of others, as to the affiliation, connection,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  or association of Defendant with SDI, and also causes, and is likely to cause, confusion, mistake,

2  or deception as to the origin, sponsorship, or approval of goods and commercial activities of

3  Defendant.

4      23.     The use of SDI's registered marks constitutes trademark infringement in violation

5  of 15 U.S.C. § 1114.

6      24.     Defendant knew of SDI's trademark rights, and knowingly, willfully, and

7  deliberately infringed them, making this an exceptional case within the meaning of 15 U.S.C. §

8  1117.

9      25.     SDI has been, and will continue to be, damaged by Defendant's willful trademark

10  infringement in the manner in amount that will be proved at trial.

11      26.     SDI has been, and will continue to be, damaged by Defendant's willful trademark

12  infringement in a manner an amount that cannot be fully measured or compensated in economic

13  terms.  Defendant's actions damaged, and will continue to damage, SDI's market, reputation, and

14  goodwill, and may discourage current and potential customers from dealing with SDI.  Such

15  irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the

16  pendency of this action and thereafter.

**COUNT II**
**Washington Consumer Protection Act RCW 19.86.020**

    27.     The allegations contained in paragraphs 1 through 26 are incorporated herein by reference as if fully set forth.

    28.     Defendant's unauthorized use of the confusingly similar SKINNYDIP FROZEN YOGURT trademark in connection with self-serve frozen yogurt restaurants has caused, and is likely to continue to cause, confusion and mistake.  Defendant's use of the trademarks has deceived and is likely to continue to deceive others into believing that Defendant's trademark is sponsored by, approved by, or affiliated with SDI.

    29.     Defendant's acts constitute infringement of SDI's trademarks.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  30. Defendant knew, or should have known, of SDI's rights in and to THE SKINNY DIP FROZEN YOGURT BAR trademark, and that the use of a confusingly similar mark for self–serve frozen yogurt restaurants would create a likelihood of confusion. Defendant's unauthorized use of the confusingly similar marks has been, knowing, willful, and deliberate.

31. Defendant's trademark infringement constitutes unfair competition, which is injurious to the public interest, in violation of the Washington State Unfair Business Practices And Consumer Protection Act, RCW or 19.86.010 *et seq.*

32. RCW 19.86.090 provides a private right of action to any person injured in his property by an "unfair or deceptive act or practice."

33. Defendants' acts and omissions as alleged herein violate the Washington CPA because: (1) trademark infringement is an unfair and/or deceptive act under the Washington CPA; (2) such unfair and/or deceptive acts are committed in trade or commerce; (3) such unfair and/or deceptive acts are made in advertising to the public, have the potential to deceive a substantial portion of the public, and have a public interest impact; (4) such unfair and/or deceptive acts have caused and/or is likely to cause injury to Plaintiffs in their business and/or property; and (5) there is a causal link between the unfair and/or deceptive acts and the injury suffered.

34. SDI has been, and will continue to be, damaged by Defendant's willful trademark infringement in the manner in amount that will be proved at trial.

35. SDI has been, and will continue to be, damaged by Defendant's willful trademark infringement in a manner an amount that cannot be fully measured or compensated in economic terms. Defendant's actions damaged, and will continue to damage, SDI's market, reputation, and goodwill, and may discourage current and potential customers from dealing with SDI. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT III
## Common Law Unfair Competition

36.     The allegations contained in paragraphs 1 through 35 are incorporated herein by reference as if fully set forth.

37.     SDI has been using THE SKINNY DIP FROZEN YOGURT BAR in interstate commerce on, and in close association with, its products, sales and services related to self–serve frozen yogurt restaurants as early as 2008.

38.     Defendant's unauthorized use of the confusingly similar SKINNYDIP FROZEN YOGURT trademark to identify self–serve frozen yogurt restaurants constitutes an attempt to palm off its products as those of SDI and to compete unfairly with SDI.  This conduct constitutes common–law unfair competition.

39.     SDI has been, and will continue to be, damaged as a result of Defendant's unfair competition in a manner and amount that cannot be fully measured or compensated in economic terms.  Defendant's actions have damaged, and will continue to damage SDI's market, reputation, and goodwill, and may discourage current and potential customers from dealing with SDI.  Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

## REQUEST FOR RELIEF

SDI requests that judgment be entered in its favor and against Defendant as follows:

A.     Determining that Defendant has infringed SDI's federally registered trademark (U.S. Trademark Registration N. 3844061);

B.     Determining that Defendant had knowledge of SDI's ownership and use of THE SKINNY DIP FROZEN YOGURT BAR trademark and, therefore, Defendant's actions constitute willful infringement;

C.     Permanently enjoining Defendant, its officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with Defendant from using in any way the confusingly similar trademark SKINNYDIP FROZEN YOGURT to identify self–

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  serve frozen yogurt restaurants and any other mark or designation that is confusingly similar to
2  SDI's THE SKINNY DIP FROZEN YOGURT BAR trademark and from otherwise infringing
3  any SDI trademark right, from diluting SDI trademark rights and from otherwise competing
4  unfairly with SDI.

5       D.     Ordering Defendant to destroy all labels, signs, posters, prints, emblems, devices,
6  literature, video or audio recordings, advertising, web sites, including but not limited to its
7  Facebook page, and any other marketing materials in its possession, custody or control bearing
8  the confusing similar trademark SKINNYDIP FROZEN YOGURT or any other trademark or
9  designation confusingly similar to SDI's THE SKINNY DIP FROZEN YOGURT BAR
10  trademark, or which benefits from Defendant's use of the confusingly similar trademark pursuant
11  to 15 U.S.C. § 1118;

12       E.     Awarding SDI the damages it has sustained as a result of Defendant's
13  infringements of SDI's trademarks and/or Defendant's use of the confusingly similar trademark,
14  including but not limited to SDI's lost profits on its trademarks as well as its profits from the sale
15  of its products marketed under the confusingly similar trademark SKINNYDIP FROZEN
16  YOGURT;

17       F.     Determining that this is an exceptional case pursuant to 15 U.S.C. § 1117;

18       G.     Rewarding SDI reasonable attorneys' fees, costs and interests pursuant to 15
19  U.S.C. § 1117, RCW 19.86.010, or as otherwise provided by law;

20       H.     Awarding SDI treble damages pursuant to the Washington Consumer Protection
21  Act, 19.86.010, et seq. and 15 U.S.C. § 1117;

22       I.     Ordering Defendant to file with this court and to serve on SDI within 30 days
23  after the entry of a permanent injunction a report in writing, under oath, setting forth in detail the
24  manner and form in which Defendant has complied with the Court's injunction and orders;

25       J.     Awarding SDI pre-judgment interest; and

26       K.     Awarding SDI such other and further relief as the Court deems just and equitable.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1), SDI demands a trial by jury.

DATED this 20th day of June, 2011.

        KELLER ROHRBACK L.L.P.


By /s/ Karin B. Swope
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384
Email:  kswope@kellerrohrback.com

and

LIPTON WEINBERGER & HUSICK
Adam G. Garson, Pa. Id. No. 45048
201 N. Jackson St.
Media, PA 19063
Telephone:  (610) 565-7630
Fax:  (610) 565-7631
E-Mail:  agarson@lwh-law.com

*Attorneys for Plaintiff The Skinny Dip, Inc.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
(No. 09-cv-1485 RSL) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384